**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DIANA MEDEMA, BRENDA GRANADOS, and BLAIRE GILOMEN, individually and on behalf of all others similarly situated, | Case No.: 1:25-cv-7768 |
| Plaintiffs, | Hon. Franklin Valderrama, Presiding |
| v. | |
| NUNA BABY ESSENTIALS, INC., | |
| Defendant. | |

**JOINT MOTION FOR ENTRY OF STIPULATED**
**PROTECTIVE ORDER AND STIPULATED ORDER GOVERNING**
**THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

Plaintiffs Diana Medema, Brenda Granados, and Blaire Gilomen ("Plaintiffs") and

Defendant Nuna Baby Essentials, Inc. ("Nuna") jointly move for entry of the proposed Stipulated

Protective Order and the proposed Stipulated Order Governing the Production of Electronically

Stored Information ("ESI Protocol"). Both the proposed Stipulated Protective Order and the

proposed ESI Protocol are substantially the same as those used (and accepted) in substantially

similar actions across the country. Although the parties' proposed Stipulated Protective Order

deviates from this District's Model Confidentiality Order, it provides the same protections afforded

by the model order.[1]

---

[1] In addition to a "clean" copy of the proposed Stipulated Protective Order, the parties are providing a redlined copy of the proposed Stipulated Protective Order, which shows deviations from the District's Model Confidentiality Order. The parties collaborated to develop a protective order that could apply in each of the actions in this litigation. Thus, they did not draft this proposed Stipulated Protective Order based on the District's Model Confidentiality Order. However, they revised the Protective Order (which has been accepted in other actions in this litigation) to conform with the protections established in the District's Model Confidentiality Order, as noted below.

As specifically outlined in the Court's procedures, the parties' proposed Stipulated Protective Order provides for the following:

- "A carefully-drafted definition of materials to be protected, that is consistent with the Seventh Circuit's description of what is protectable," and that tracks the categories of protectable materials listed in Section 2 of the District's Model Confidentiality Order. *See* proposed Stipulated Protective Order, §§ 2.2, 2.15.

- "A statement that the designation of material as confidential reflects a good faith determination by counsel (not by the client) that the material falls within the definition of confidential materials under the protective order." *See id.* § 5.1.

- "An explicit statement of the right of a party or interested member of the public to challenge the confidential designation of particular documents that have been filed under seal, with the party asserting confidentiality having the burden of demonstrating the propriety of that designation." *See id.* § 6.3.

- "A listing of the persons who may have access to materials designated as confidential." *See id.* §§ 7.2, 7.3.

- "A procedure for the use of confidential documents at depositions." *See id.* § 7.2.

- "A statement that the protective order does not, by itself, authorize the filing of any document under seal and that leave of Court must be obtained before any materials are filed under seal." *See id.* §§ 1, 12.3.

- "A statement providing that the order shall not be construed to govern or affect the admissibility or use of any confidential material at trial or hearing in open court, with any requests for confidentiality or sealing of any hearing or trial to be made to the judge presiding over that proceeding." *See id.* § 7.4.

2

Moreover, the proposed Stipulated Protective Order provides for the potential designation of materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The parties have a good faith basis for including such restrictions, which include the protection of personal identity information, trade secrets and highly sensitive business information which, if disclosed, would harm Nuna by permitting unfair competition in a very competitive marketplace. Providing for a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation will also maintain consistency between this action and the related actions, where substantially similar Protective Orders have already been entered. The parties have agreed to coordinate discovery in these cases and documents have already been produced with the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.

Pursuant to the Court's procedures, the parties attach a certification that they have been informed of, understand, and consent to the proposed restriction on the scope of their counsel's ability to discuss with them certain materials produced in this action, if they are designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Further, because of the complex nature of this case and the complex nature of the electronically stored information that will be subject to discovery in this action, the parties have proposed to use their own ESI Protocol, rather than use the District's sample ESI Order.

For the reasons above, the parties jointly and respectfully request that the Court grant this motion and enter the Stipulated Protective Order and the Stipulated Order Governing the Production of Electronically Stored Information. Copies of these proposed orders are being sent to chambers for the Court's consideration.

DATED: June 18, 2026          Respectfully submitted,

**MILBERG, PLLC**

/s/ William A. Ladnier
Adam A. Edwards (*pro hac vice*)
William A. Ladnier (*pro hac vice*)
Virginia Ann Whitener (Ill. Bar No. 6337452)
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080
Fax: (865) 522-0049
aedwards@milberg.com
wladnier@milberg.com
gwhitener@milberg.com

Leland Belew (Ill. Bar No. 6331809)
**MILBERG, PLLC**
227 West Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (865) 247-0080
Fax: (865) 522-0049
lbelew@milberg.com

Kevin Laukaitis
Daniel Tomascik
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
Tel: (215) 559-6072
klaukaitis@laukaitislaw.com
dtomascik@laukaitislaw.com

*Attorneys for Plaintiffs
and the Proposed Class*

DATED: June 18, 2026

By: /s/ David S. Osterman
David S. Osterman (ARDC # 6337563)
**GOLDBERG SEGALLA LLP**
301 Carnegie Center Drive, Suite 200
Princeton, NJ 08540-6587
Tel. (609) 986.1310
dosterman@goldbergsegalla.com

James W. Ozog (ARDC # 2130963)
Chad Layton (ARDC # 6243339)
Jeffrey M. Alperin (ARDC # 6226492)
Teal Johnson (ARDC # 6340456)
**GOLDBERG SEGALLA LLP**
222 W. Adams Street, Suite 2250
Chicago, IL 60606

4

jozog@goldbergsegalla.com
clayton@goldbergsegalla.com
jalperin@goldbergsegalla.com
tjohnson@goldbergsegalla.com

Scott L. Winkelman
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel.:  202.624.2500
Fax:   202.628.5116
SWinkelman@crowell.com

Valerie M. Goo (*pro hac vice*)
**CROWELL & MORING LLP**
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Tel.:  213.622.4750
Fax:   213.622.2690
VGoo@crowell.com

*Attorneys for Defendant*
*Nuna Baby Essentials, Inc.*